UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rashad Mahmoud Abdallah,<br><br>Plaintiff,<br><br>v.<br><br>Officer Andrew Windhorst; Officer James Oden; Officer Scott Robinson, Jr.; Officer Chelsea Cisco; Detective Michael Anthony Thomas; Officer Thomas Hammerstone; Officer Bryan Carlson; & Officer Scott Hydrick,<br><br>Defendants. | C/A No. 2:25-cv-03488-BHH-MHC<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Rashad Mahmoud Abdallah ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action alleging violations of his constitutional rights. ECF No. 10. Before the Court are (1) a Motion to Dismiss filed by Defendants Officer Bryan Carlson and Officer Scott Hydrick (together, the "Goose Creek Police Department 'GCPD' Defendants"), ECF No. 61; and (2) a Motion to Dismiss filed by Defendants Officer Andrew Windhorst; Officer James Oden; Officer Scott Robinson, Jr.; Officer Chelsea Cisco; Detective Michael Anthony Thomas; and Officer Thomas Hammerstone (collectively, the "North Charleston Police Department 'NCPD' Defendants"), ECF No. 65. Because Plaintiff is proceeding pro se, the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), for each Motion, advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to each Motion. ECF Nos. 62 & 66. Plaintiff filed a Response in Opposition to each Motion. ECF Nos. 70 & 71. The GCPD and NCPD Defendants filed Replies. ECF Nos. 72 & 73. Both Motions are ripe for review.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2) (D.S.C.). Because of the dispositive nature of the Motions, this Report and Recommendation is entered for review by the District Judge.

## I. BACKGROUND[1]

Plaintiff brings his claims based on three discrete incidents. ECF No. 10.

### A. Incident 1: September 8, 2023 – Defendants Windhorst, Oden, Robinson, Cisco, & Thomas

Plaintiff alleges that on September 8, 2023, Defendants Windhorst, Oden, Robinson and Cisco, North Charleston police officers, along with Defendant Thomas, a detective with the NCPD, "entered 'alleged' residence of Plaintiff without probable cause or a valid search warrant," in violation of his Fourth Amendment rights. ECF No. 10 at 6–7. Defendant Thomas called for a warrant, instructing Defendants Windhorst and Cisco to turn off their body cameras. *Id.* at 7.[2] Plaintiff contends that turning off the body cameras violated his right to due process under the Fourteenth Amendment. *Id.* Plaintiff contends that the warrants associated with these entries "have different times and signatures," showing violation of his Fourteenth Amendment due process rights and cause for invalidation of search warrant. *Id.*; *see also* ECF No. 10-2 (search and arrest warrants

[1] The Amended Complaint's factual allegations, and all inferences therefrom, are construed in the light most favorable to Plaintiff for purposes of ruling on the Motions. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] In conjunction with his Amended Complaint, Plaintiff produced a flash drive containing body camera videos. *See* ECF Nos. 14 & 26. Though a complaint need only contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for relief, *see* Fed. R. Civ. P. 8(a), the Court allowed Plaintiff to include the flash drive exhibit as an attachment to his Amended Complaint once it was served on each Defendant. *See* ECF Nos. 22 & 67. The flash drive contains videos from Incidents 1 and 2. The undersigned has reviewed the videos in conjunction with the pending Motions.

from Incident 1).[3]

**B. Incident 2: March 19, 2025 – Defendant Hammerstone**

On March 19, 2025, at approximately 2:30 AM on Interstate 526, Plaintiff was pulled over by Defendant Hammerstone, an officer with the NCPD, who followed Plaintiff after he left a fuel station. ECF No. 10 at 7. Defendant Hammerstone requested Plaintiff's driver's license, and Plaintiff provided his passport. *Id.* When Hammerstone again requested Plaintiff's driver's license, Plaintiff provided the passport, as well as "a DBA filed with Berkeley County registar [sic] of deeds." *Id.* Defendant Hammerstone "then pulled Plaintiff from the car after reaching in to unlock the driver door and proceeded to slam Plaintiff on the ground violating his 4th amendment rights by using exessive [sic] for[ce] and unlawful search of the car." *Id.* Defendant Hammerstone and other unknown officers on the scene "began to search [Plaintiff's car] numerous time[s] taking apart the trunk panals [sic] and leaving them dismantled without a warrant or probable cause violating Plaintiff's 4th amendment of illegal search and seizure because the defendant towed the car and arrested the Plaintiff." *Id.* at 8.

**C. Incident 3: April 17, 2025 – Defendants Carlson & Hydrick**

Plaintiff alleges that on April 17, 2025, near Goose Creek, South Carolina, Defendant Carlson pulled behind Plaintiff while Plaintiff was waiting at a stop light. *Id.* Once the light turned green, Defendant Carlson initiated a stop, where he twice asked for Plaintiff's license and was presented with a passport. *Id.* Defendant Hydrick then arrived on the scene and reached in from

---

[3] A motion to dismiss tests the sufficiency of a complaint; however, courts can also consider documents that are explicitly incorporated into the complaint by reference, so long as the document was integral to the complaint and there is no dispute about the document's authenticity. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). Plaintiff included the search and arrest warrants from Incident 1 as an attachment to his Amended Complaint, and he referenced them throughout his pleading. For this reason, the Court can consider these documents without converting the NCPD Defendants' Motion into a request for summary judgment.

the passenger side to unbuckle Plaintiff, while Defendant Carlson began to unlock the driver door. *Id.* These GCPD Defendants then arrested Plaintiff and conducted a search of the car, "violating Plaintiff's 4th amendment rights by having no probable cause to search or a valid warrant." *Id.* The car was seized. *Id.*

## II. LEGAL STANDARDS

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)); *see Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant will have "fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570).

When considering a Rule 12(b)(6) motion, the court is required to evaluate the complaint in its entirety, including documents attached to or incorporated into the complaint; accept the allegations in the pleading as true; and draw all reasonable factual inferences in favor of the party opposing the motion. *Kolon Indus., Inc.*, 637 F.3d at 440, 448. The court may consider a document not attached to the complaint, so long as the document "was integral to and explicitly relied on in

the complaint," and there is no authenticity challenge. *Id.* (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." *Goines*, 822 F.3d at 166 (alteration in original) (quoting *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)); *see also Est. of Green v. City of Annapolis*, 696 F. Supp. 3d 130, 149 (D. Md. 2023) (in resolving motion to dismiss, crediting video footage referenced in complaint to the extent it conflicted with complaint, if at all). This is based on "the presumption that the plaintiff, by basing his claim on the attached document, has adopted as true the contents of that document." *Goines*, 822 F.3d at 167. However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it," and it should consider whether plaintiff relied on the attachment for its truthfulness. *See id.* at 167–69.

"A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (internal quotation marks and brackets omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not analogous to a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Additionally, pro se filings are to be "liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). This "[l]iberal construction of the pleadings is particularly appropriate where, as here,

there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (citation omitted); *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018) (noting "we are obliged to construe [a complaint's] allegations liberally and with the intent of doing justice"). However, the Court "need not accept the [plaintiff's] legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal quotation marks and citation omitted).

## III. DISCUSSION

Plaintiff brings his claims under the Fourth and Fourteenth Amendments against Defendants in their individual capacities. ECF No. 10 at 2, 4. Based on the allegations contained in the Amended Complaint, Plaintiff brings claims based on (1) unlawful search, (2) unlawful seizure, (3) violations of his due process, (4) excessive force, and (5) false arrest.[4] *Id.* at 4–8. Defendants move for dismissal of all claims. ECF Nos. 61 & 65.

To establish a cause of action against Defendants in their individual capacities under 42 U.S.C. § 1983, a plaintiff must show: (1) the violation of a right protected by the Constitution or laws of the United States, and (2) that the defendant was acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Mallory v. Holdorf*, No. 3:11-03295-MBS, 2012 WL 4479070, at *4 (D.S.C. Sep. 28, 2012) (explaining that "42 U.S.C. § 1983 is the vehicle by which individuals make legal claims for violations of their federal rights").

This Report and Recommendation will address the Motions based on the chronological order of the alleged Incidents.

[4] On its face, Plaintiff's Amended Complaint does not appear to include any allegations for false arrest. However, because Defendants argued for dismissal of the claim and Plaintiff responded in opposition, the undersigned addresses this claim, as well.

**A. The NCPD Defendants' Motion to Dismiss (ECF No. 65)**

The NCPD Defendants move for dismissal based on (1) Plaintiff's failure to state a claim, (2) *Younger* abstention, and (3) failure to allege violations of constitutional magnitude. ECF No. 65. For the following reasons, the undersigned recommends that the NCPD Defendants' Motion be granted, in part, and denied, in part.

1. <u>Incident 1: Claims for Unlawful Search & Violations of Due Process</u>

Plaintiff's claims from Incident 1 involve the entry into and search of his residence, as well as claims for violations of his due process. ECF No. 10 at 6–7. Plaintiff brings these claims against Defendants Windhorst, Oden, Robinson, Cisco, and Thomas. *Id.*

*i. Fourth Amendment Claim*

The NCPD Defendants argue, with respect to Plaintiff's Fourth Amendment claim, that Plaintiff has provided only conclusory allegations which fail to state a claim upon which relief can be granted, suggesting he "failed to plead any of the circumstances surrounding law enforcement entering [his] apartment that would support his bald assertion that his Constitutional rights were violated." ECF No. 65 at 1 (citing *Robinson v. Greenville Cnty. Det. Ctr.*, No. 2:23-CV-02649-DCC-MGB, 2023 WL 8439222, at *7 (D.S.C. Oct. 13, 2023) ("While Plaintiff contends that the 'the warrant for [his] house [did] not suffice taking [his] phone as well,' the pleading offers no insight as to why that is true. To make such a determination would require this Court to fill in critical gaps on Plaintiff's behalf, which it simply cannot do." (internal citation and footnote omitted)), *report and recommendation adopted*, No. 2:23-CV-02649-DCC, 2023 WL 8438923 (D.S.C. Dec. 4, 2023)). In response, Plaintiff argues that he alleged "unlawful entry into a residence alleged to belong to Plaintiff without probable cause or warrant, which constitutes a Fourth Amendment violation when accepted as true at the Rule 12 stage." ECF No. 71 at 2.

Plaintiff's Amended Complaint specifically asserts that these Defendants entered his residence without probable cause or a valid search warrant in violation of his Fourth Amendment rights. ECF No. 10 at 6. Plaintiff also expressly incorporated the body camera video attachments into his Amended Complaint, *see, e.g.*, *id.* at 7 (listing allegations from Incident 1 and then stating "Exhibit A (Flash drive in white envelope) showing said facts"); and he served copies of these videos, with the Amended Complaint, upon each Defendant. *See* ECF Nos. 51, 55, 56, 58, 67. "Accordingly, the Court finds that Plaintiff has adopted as true the contents of the videos and that [he] finds them to be an accurate depiction of the events that occurred[.]" *Lawhon v. Edwards*, 477 F. Supp. 3d 428, 436 & n.8 (E.D. Va. 2020), *aff'd sub nom. Lawhon v. Mayes*, No. 20-1906, 2021 WL 5294931 (4th Cir. Nov. 15, 2021). Thus, to the extent there is a conflict between the allegations in the Amended Complaint and the video attachments, the attachments prevail. *See id.* (citing *Goines*, 822 F.3d at 166).

Here, however, upon review of the body camera footage, it does not blatantly contradict Plaintiff's claims as alleged in his Amended Complaint. Instead, it shows that officers responded to a call based on Plaintiff being naked in the breezeway of his apartment and appearing under the influence of drugs or alcohol. After Plaintiff was placed in a police vehicle, the officers went to Plaintiff's apartment unit, directed by an individual who appears to have called in the incident to police, where the door was closed but unlocked, and they found what appeared to be drugs on the kitchen counter.

Plaintiff was charged with possession with intent to distribute marijuana, which was dismissed.[5] *See* Charleston County Public Index,

[5] Plaintiff does not bring any claims pertaining to any arrest based on Incident 1. *See generally* ECF No. 10.

https://jcmsweb.charlestoncounty.org/PublicIndex/ [search case number 2023A1010205353] (last visited August 20, 2026);[6] *see also* ECF No. 10-2 at 18.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The basic purpose of this Amendment . . . is to safeguard the privacy and security of individuals against arbitrary invasions by government officials." *Camara v. Mun. Ct. of City & Cnty. of S.F.*, 387 U.S. 523, 528 (1967). Fundamentally, the Fourth Amendment imposes "a standard of reasonableness upon the exercise of discretion by government officials, including law enforcement agents . . . ." *Delaware v. Prouse*, 440 U.S. 648, 653–54 (1979). In determining the reasonableness of a search under the Fourth Amendment, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). "The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State." *Johnson v. Robinette*, 105 F.4th 99, 113 (4th Cir. 2024) (internal quotation marks omitted). "Therefore, to be constitutional, a search must not be unreasonable." *Id.* (internal quotation marks omitted).

"It is a basic principle of Fourth Amendment law . . . that searches and seizures inside a home without a warrant are presumptively unreasonable." *Kentucky v. King*, 563 U.S. 452, 459 (2011) (internal quotation marks omitted). But the presumption may be overcome in certain

[6] This Court "may properly take judicial notice of matters of public record." *See Philips*, 572 F.3d at 180; *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"). Moreover, "a court may properly take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023).

circumstances, given that the Fourth Amendment's ultimate touchstone is reasonableness. *See id.* Accordingly, the warrant requirement is subject to certain reasonable exceptions, such as exigent circumstances, including emergency aid, hot pursuit, or the need to prevent the imminent destruction of evidence. *Id.* at 460. Other circumstances, like a protective sweep to protect the safety of officers and others or the seizure of items found in plain view, have been found constitutionally permissible. *See Maryland v. Buie*, 494 U.S. 325, 335 & n.3 (1990) (emphasizing that a protective sweep is "not a full search of the premises, but may extend only to a cursory inspection of those spaces where a person may be found" and is "limited to that which is necessary to protect the safety of officers and others"); *United States v. Davis*, 588 F. Supp. 2d 693, 716 (S.D.W. Va. 2008) ("An officer may seize incriminating evidence in plain view without a warrant or consent as long as the officer arrives in the place where the evidence is plainly viewed without violating the Fourth Amendment and the incriminating nature of the evidence is immediately apparent." (citing *Horton v. California*, 496 U.S. 128, 136 (1990))).

Further discovery and review may show that entry into the apartment was reasonable, and the drugs were legally confiscated as part of a search based on some reasonable exception, such as the protective sweep and/or plain view exceptions, as the officers cited in the video footage and in the search warrants. However, construing the allegations and the video evidence, and all reasonable inferences therefrom, in Plaintiff's favor, the reasonableness of the search is not readily apparent when Plaintiff appears to have already been placed in the police vehicle at the time of the search. The undersigned therefore finds that this stage of litigation is an improper place to review the merits of the search. Nor did the NCPD Defendants move for the dismissal of Plaintiff's claim

on any such exception.[7]

For these reasons, the undersigned agrees with Plaintiff that, as alleged, he has sufficiently pled a claim for unlawful search under the Fourth Amendment.[8] The undersigned therefore recommends that the NCPD Defendants' Motion be denied with respect to this claim from Incident 1.[9]

*ii. Fourteenth Amendment Claims*

The NCPD Defendants also argue that Plaintiff has failed to state any claim under the Fourteenth Amendment. ECF No. 65 at 3–4. They posit that "[b]ecause the Fourth Amendment provides an 'explicit textual source' for § 1983 [unlawful search and seizure] claims, the Fourteenth Amendment provides no alternative basis for those claims." *Id.* at 4 (quoting *Evans v. Chalmers*, 703 F.3d 636, 647 n.2 (4th Cir. 2012)). In response, Plaintiff states that his claims arise from unlawful search and seizure under the Fourth Amendment, and "[t]o the extent Defendants argue improper labeling under Fourteenth Amendment[,] Plaintiff's allegations should be

---

[7] Though Plaintiff submitted search warrants connected with Incident 1, the Amended Complaint and video evidence do not suggest that these warrants were obtained prior to the entry into his apartment. Construing the allegations in the light most favorable to Plaintiff, these warrants (ECF No. 10-2 at 2–7, 9–14) do not alter the analysis at this stage.

[8] To the extent the NCPD Defendants rely on Plaintiff's failure to specifically state that they "unlawfully searched" his apartment, the undersigned finds this contention to be without merit. Liberal construction of Plaintiff's constitutional claim is appropriate, *see Smith*, 589 F.3d at 738; and it does not exceed the Court's purview to infer that entry without a search warrant would state a claim for unlawful search.

[9] The NCPD Defendants also rely on the *Younger* abstention doctrine in support of the dismissal of this claim. ECF No. 65 at 2–3. However, based on Plaintiff's response that his criminal charges related to the September 8, 2023, incident had been resolved, *see* ECF No. 71 at 1–2, the NCPD Defendants withdrew this argument. ECF No. 73 at 1–2. They requested leave to file a second motion to dismiss on alternate grounds, if necessary. *Id.* at 2. If the District Judge adopts the recommendation with respect to this claim, these Defendants can seek leave to file a supplemental motion to dismiss at the appropriate time for doing so.

construed under the correct constitutional provision rather than dismissed outright." ECF No. 71 at 3.

To be clear, with respect to Incident 1, Plaintiff's Amended Complaint states only a claim for unlawful search.[10] *See* ECF No. 10 at 6–7. Plaintiff did not include any claims pertaining to a *seizure* on this date, of himself or any of his property. *See id.* For this reason, the Fourth Amendment covers the full extent of his claim, as has been addressed above. Nor can Plaintiff amend his complaint through his response brief. *See Rhoads v. Guilford Cnty.*, 751 F. Supp. 3d 590, 607 n.14 (M.D.N.C. 2024) ("It is axiomatic . . . that a plaintiff may not amend his complaint in his response brief." (internal quotation marks and citation omitted)), *aff'd*, No. 24-2035, 2026 WL 124238 (4th Cir. Jan. 16, 2026).

"The Due Process Clause does not constitute a catch-all provision that provides a remedy whenever a state actor causes harm. Rather, '[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Evans*, 703 F.3d at 667 n.2 (internal citation omitted) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion)). Because the Fourth Amendment provides an explicit textual source for Plaintiff's § 1983 unlawful search claim, the Fourteenth Amendment

[10] Indeed, Plaintiff's Amended Complaint did not even mention that he was arrested with respect to Incident 1. Though the video he incorporated into his Amended Complaint includes his arrest, liberal construction of Plaintiff's claims does not require the court "to conjure up questions never squarely presented" to it. *See Beaudette v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Allen v. Raleigh-Durham Int'l Airport*, No. 5:23-CV-378-FL, 2023 WL 8793029, at *1 (E.D.N.C. Nov. 28, 2023) ("While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent." (internal citations omitted)), *report and recommendation adopted*, No. 5:23-CV-378-FL, 2023 WL 8791672 (E.D.N.C. Dec. 19, 2023).

provides no alternative basis for his claim. *See id.*

Moreover, to the extent Plaintiff intends to bring claims based on the allegation that the officers turned off their body cameras or the date discrepancies contained in the warrants, *see* ECF No. 10 at 7, no such claims can lie. *See Kissinger-Stankevitz v. Town of Tappahannock*, 750 F. Supp. 3d 590, 620–21 (E.D. Va. 2024) (finding no due process claim for turning off body camera), *aff'd*, No. 24-2270, 2025 WL 3046480 (4th Cir. Oct. 31, 2025); *Collins v. McClary*, No. 2:24-CV-737-RMG, 2025 WL 2623004, at *3–4 (D.S.C. Aug. 20, 2025) (analyzing claim based on scrivener's error in warrant under Fourth Amendment and finding no such viable claim); *see also Wilson v. S.C. L. Enf't Div.*, No. 4:22-CV-02312-JD-KDW, 2023 WL 6638989, at *5–6 (D.S.C. July 31, 2023) (recommending that due process claims based on allegedly inadequate investigation prior to arrest be dismissed), *report and recommendation adopted*, No. 4:22-CV-2312-JD-KDW, 2023 WL 6172250 (D.S.C. Sep. 22, 2023).

The undersigned therefore recommends that the NCPD Defendants' Motion be granted with respect to any Fourteenth Amendment claims against Defendants Windhorst, Oden, Robinson, Cisco, and Thomas.

2. Incident 2: False Arrest, Excessive Force, Unlawful Search, & Unlawful Seizure

Regarding Incident 2, Plaintiff alleges that Defendant Hammerstone used excessive force when he slammed Plaintiff on the ground and that he unlawfully searched Plaintiff's car, which was eventually seized. ECF No. 10 at 7–8.

*i. False Arrest Claim*

The NCPD Defendants argue that, to the extent Plaintiff brings a claim based on false arrest, he has failed to state any such claim. ECF No. 65 at 9. Plaintiff responds that he has stated a plausible false arrest claim at this stage. ECF No. 71 at 4–5. It is not apparent from the face of

the Amended Complaint that Plaintiff included any claim for false arrest in his allegations, *see* ECF No. 10 at 7–8 ("Hammerstone along with other unknown officers on the scene began to search the car . . . without a warrant or probable cause violating Plaintiff's 4th amendment of illegal search and seizure because the defendant towed the car and arrested the Plaintiff."), and his claim could therefore be dismissed on this basis alone. *See* Fed. R. Civ. P. 8(a)(2), 12(b)(6). Even generously construing the allegations in Plaintiff's favor to include such a claim, however, Plaintiff has failed to state a claim based on the totality of the facts set forth in the Amended Complaint, the videos attached to the Amended Complaint, and the inferences therefrom.

Section 1983 actions premised on malicious prosecution, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e. g.*, *Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff bringing a § 1983 false arrest claim needs to state that the officer decided to arrest him without probable cause to allege an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). An arrest is only considered "reasonable" for purposes of the Fourth Amendment when justified by probable cause. *See, e.g.*, *Wilson v. Kittoe*, 337 F.3d 392, 398 (4th Cir. 2003). Put differently, "[t]he Fourth Amendment is not violated by an arrest based on probable cause." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

"Probable cause to justify an arrest arises when 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) (quoting *Michigan*

*v. DeFillippo*, 443 U.S. 31, 37 (1979)). The probable cause determination is inherently fact specific but typically turns on two primary factors: (1) the suspect's conduct known to the officer, and (2) the contours of the offense thought to be committed by that conduct. *Rogers*, 249 F.3d at 290; *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992). Probable cause "requires more than bare suspicion but requires less than evidence necessary to convict." *Porterfield*, 156 F.3d at 569. Where "no reasonable officer could believe, in light of the contours of the offense at issue, that probable cause exists to arrest that person, a violation of a clearly established Fourth Amendment right to be arrested only upon probable cause ensues." *Rogers*, 249 F.3d at 290 (citing *Smith v. Reddy*, 101 F.3d 351, 356 (4th Cir. 1996)).

Defendants argue that any claim for false arrest fails because "Plaintiff [ ] admitted in the Amended Complaint that he failed to present a valid driver's license to Defendant Hammerstone before he was arrested, which is a crime[.]" ECF No. 65 at 9, 7. The undersigned agrees.

As Defendants note in their Motion, South Carolina law requires a licensee to have his license in his immediate possession at all times when operating a motor vehicle, and he shall display it upon demand of a law enforcement officer. *Id.* at 7 (citing S.C. Code Ann. §§ 56-1-190, 56-1-20, 56-1-440). The allegations in Plaintiff's Amended Complaint state that he was operating a motor vehicle on the morning of March 19, 2025, and when asked to produce his driver's license by Defendant Hammerstone, a law enforcement officer, he produced only a passport and "a DBA filed with Berkeley County registar [sic] of deeds." ECF No. 10 at 7. The allegations as pled show that Plaintiff was not complying with state law. As such, even taking the allegations in the light most favorable to Plaintiff, he cannot bring a claim for false arrest when his allegations and the video evidence incorporated into his Amended Complaint support that Defendant Hammerstone had probable cause to arrest him for violation of the law based on facts sufficient to warrant the

belief that Plaintiff had been driving without a license. *See Porterfield*, 156 F.3d at 569; *cf. Hunter v. Skipper*, No. 3:22-CV-00422-MR, 2022 WL 16924128, at *3 (W.D.N.C. Nov. 14, 2022) ("Plaintiff has failed to state a claim for a Fourth Amendment violation because he admits that he 'match[ed]' the robbery suspect's description the day after one of the robberies.").

Plaintiff's argument in response that he disputes the basis for his arrest and alleges he provided identifying documentation "and was nonetheless arrested without lawful justification," ECF No. 71 at 4–5, does not save the day. Though Plaintiff may have provided identifying documentation, he has not alleged that he provided any documentation, specifically a license, allowing him to drive when requested by law enforcement, as required by law.[11] *See* S.C. Code Ann. § 56-1-190. For this reason, he has not shown that he was arrested without probable cause when the allegations set forth in his Amended Complaint establish that probable cause existed to arrest Plaintiff for, at the least, driving without a license.[12]

Under these circumstances, the undersigned recommends that the NCPD Defendants' Motion be granted with respect to any false arrest claim arising from Incident 2.

*ii. Excessive Force*

The NCPD Defendants argue that Plaintiff's excessive force claim is barred by *Younger* because Plaintiff has a pending charge for resisting arrest resulting from Incident 2. ECF No. 65

---

[11] Nor does the Amended Complaint include any allegations suggesting that the stop itself was wrongful. *See* ECF No. 10 at 7 ("Defendant Hammerstone followed Plaintiff after Plaintiff left the fuel station and stop him on the interstate [where he] requested Drivers License."); *see also Beaudette*, 775 F.2d at 1278.

[12] The video evidence shows that Plaintiff was detained for driving without a license. However, as discussed below, the Charleston County Public Index shows only that Plaintiff has a pending charge for resisting arrest. *See infra* Section III.A.2.ii.b. Because "[p]robable cause to support an arrest for *any* offense defeats a § 1983 false arrest claim[,]" the recommendation herein remains unchanged. *See Allen v. City of Columbia*, No. CV 3:23-1783-SAL-PJG, 2023 WL 6283360, at *5 (D.S.C. Aug. 15, 2023) (emphasis added), *report and recommendation adopted as modified on other grounds*, No. 3:23-CV-1783-SAL, 2023 WL 6259627 (D.S.C. Sep. 26, 2023).

at 9. They suggest that the excessive force claim should be stayed or dismissed until the resolution of Plaintiff's criminal case arising from Incident 2. *Id.* at 10. Plaintiff argues, without citing any law, that *Younger* does not bar Incident 2 claims because "[t]he Court is not required to adjudicate guilt or innocence in the state case[;] excessive force claims are routinely allowed to proceed independently." ECF No. 71 at 5–6.

a. When Abstention is Appropriate under *Younger*

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (internal quotation marks omitted). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. 401 U.S. at 43–44; *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate). "The Supreme Court decided in *Younger* that a federal court should abstain from exercising jurisdiction and not interfere with a pending state criminal proceeding by awarding injunctive or declaratory relief." *Martin Marietta Corp. v. Md. Comm'n on Hum. Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994).

From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Id.* (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). If this test is met, a district court should abstain from interfering unless there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex*, 457 U.S. at 435. Though the

Supreme Court and the Fourth Circuit have not delineated an exhaustive list of situations rising to the level of "extraordinary circumstances," several Fourth Circuit cases instruct that "the path to extraordinary circumstances is exceedingly narrow." *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 99–100 (4th Cir. 2022) (citing *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 251–52 (4th Cir. 1993); *Emps. Res. Mgmt. Co. v. Shannon*, 65 F.3d 1126, 1129, 1135–36 (4th Cir. 1995)).

b. Application of *Younger* to Plaintiff's Claims

To begin, the first element to determine whether a court should abstain under *Younger* does not appear to be in dispute here: as noted by the NCPD Defendants, acknowledged by Plaintiff, and supported by the public record,[13] Plaintiff has a pending state criminal proceeding stemming from the Incident at issue with respect to his claims for excessive force and unlawful search. *See* Charleston County Public Index, https://jcmsweb.charlestoncounty.org/PublicIndex/ [search case number 2025A1010201579] (last visited August 20, 2026). As part of his request for relief, Plaintiff asks this Court to declare that Defendants violated his constitutional rights, *see* ECF No. 10 at 9, which could necessarily interfere with those ongoing state proceedings.

The second element is satisfied because the Supreme Court has explained "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *see also McCullough v. Crawford*, No. C.A. 2:09-2631-RBH, 2009 WL 4110316, at *5 (D.S.C. Nov. 25, 2009) ("Moreover, Plaintiff's excessive force claim is inextricably intertwined with whether Plaintiff was resisting arrest and

---

[13] As set forth above, *see supra* note 6, a court may properly take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Megaro*, 66 F.4th at 157.

whether the defendants justifiably used reasonable force under the circumstances in order to arrest Plaintiff. It would be inappropriate for a federal court to decide factual disputes that will eventually arise in a State criminal proceeding especially here where Plaintiff also seeks injunctive relief for a dismissal [of] the State's pending charges against him.").

The third element is also satisfied, as the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903 (citation omitted). It is widely accepted that a defendant in a state criminal trial has an adequate remedy outside of federal proceedings because he can litigate constitutional claims in defense of the state prosecution. *See Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006). "Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard constitutional rights." *Middlesex*, 457 U.S. at 431. Indeed, the Fourth Circuit has indicated that "[t]he abstention condition is merely that there be a pending state proceeding in which an opportunity to raise the constitutional challenge will be available to the federal plaintiff. Though we may not be sure exactly what procedural mechanism for doing so will be most appropriate, it is not necessary that we be. It suffices to be confident that it can be raised in some appropriate way, and that we are." *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 54 (4th Cir. 1989).

Thus, as the NCPD Defendants highlight, granting Plaintiff's requested relief would necessarily interfere with or impede the pending state court criminal proceeding against Plaintiff. Though Plaintiff argues that *Younger* abstention does not apply to his claims, the undersigned disagrees. Nor does it appear that Plaintiff's case presents the narrow and extraordinary circumstances contemplated as the exceptions to *Younger* abstention. Therefore, this Court should abstain from interfering with the state proceedings.

"A district court abstaining under *Younger* must dispose of the claims in different ways depending on the relief requested. When *Younger* abstention is invoked against claims seeking only injunctive or declaratory relief, those claims are usually . . . dismissed with prejudice. But when the plaintiff requests monetary damages with respect to a claim, a District Court has no discretion to dismiss rather than to stay that claim. Damages for federal constitutional violations are not generally available in state criminal proceedings, and so the federal courts will allow a plaintiff to return to request such damages after the state criminal proceedings against him have concluded. Finally, when a party seeks not only injunctive and declaratory relief but money damages as well, we have held that the appropriate course is to abstain by staying proceedings on monetary as well as injunctive and declaratory claims." *Adams Outdoor Advert. Ltd. P'ship v. Beaufort Cnty.*, 105 F.4th 554, 559–60 (4th Cir. 2024) (internal citations and quotation marks omitted) (citing *Nivens*, 444 F.3d at 247–48; *Deakins v. Monaghan*, 484 U.S. 193, 202–03 (1988); *Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir. 1989)).

***1. Equitable Relief***

Plaintiff's claim that Defendant Hammerstone used excessive force could necessarily be raised in defense of his charge for resisting arrest. Plaintiff's requests for equitable relief could call into question the validity of the state court criminal proceedings against him and could significantly interfere with those ongoing state proceedings. *See Younger*, 401 U.S. at 43–45; *Adams*, 105 F.4th at 559–60; *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010) (ruling abstention appropriate on plaintiff's false arrest claims when plaintiff had pending state criminal proceedings). The Court should therefore abstain from hearing Plaintiff's claims for equitable relief. Whether these claims should be dismissed or stayed depends on whether Plaintiff has stated any claim, given that Plaintiff also brings claims

for monetary damages. *See Adams*, 105 F.4th at 559–60 ("[W[hen a party seeks not only injunctive and declaratory relief but money damages as well, [the Fourth Circuit has] held that the appropriate course is to abstain by staying proceedings on monetary as well as injunctive and declaratory claims." (internal quotation marks omitted)).

### *2. Monetary Damages*

In addition to the declaratory relief sought, Plaintiff seeks compensatory and punitive damages. ECF No. 10 at 6, 8. "[F]ederal courts typically stay rather than dismiss claims for money damages during the pendency of the state court proceedings." *Fuller v. Spartanburg Cnty. Det. Ctr.*, No. 7:24-CV-00179-TMC-KFM, 2024 WL 923560, at *2 (D.S.C. Feb. 7, 2024), *report and recommendation adopted*, No. 7:24-CV-00179-TMC, 2024 WL 923407 (D.S.C. Mar. 4, 2024). "*Younger* does not invariably require dismissal of § 1983 damage actions," as a plaintiff is not able to seek monetary relief for many of the constitutional violations that can be addressed by the state court. *Suggs v. Brannon*, 804 F.2d 274, 279 (4th Cir. 1986). For example, "[i]f the state criminal court rules that the search and seizure was unlawful, [plaintiffs] could not recover damages in those proceedings. Deferring the [ ] right to institute an action for damages until the conclusion of the criminal cases might cause their claims to be barred by a statute of limitations. Thus, in order to afford plaintiffs a day in court, they should be allowed to maintain their actions for damages." *Id.* at 280. "Nevertheless, dismissal rather than a stay is appropriate when the plaintiff's damages claims are 'plainly barred' for other reasons." *Fuller*, 2024 WL 923560, at *2 (quoting *Nivens*, 444 F.3d at 248–50). In other words, if there are alternative bases for dismissal on grounds other than *Younger*, then it is appropriate to dismiss, rather than stay, the claims even though they seek monetary relief.

Here, with respect to Plaintiff's excessive force claim, Defendants do not argue, and the undersigned does not find, that Plaintiff has failed to state a claim for excessive force against Defendant Hammerstone. He has alleged that Defendant Hammerstone pulled him from the car and slammed him to the ground. ECF No. 10 at 7. Nor does the video footage incorporated into his Amended Complaint blatantly contradict these allegations—it is difficult to ascertain exactly what happened during the Incident. *See Lawhon*, 477 F. Supp. 3d at 436 & n.8.

For these reasons, the undersigned recommends that the NCPD Defendants' Motion to Dismiss Plaintiff's excessive force claim be denied and the claim be stayed until Plaintiff's pending state criminal case is resolved.[14]

*iii. Unlawful Search & Seizure*

Plaintiff alleges that the search of his car after he was stopped and failed to provide a driver's license, as well as the seizure of the car when it was eventually towed, were unlawful. *See* ECF No. 10 at 7–8. Defendants argue that his claims fail as a matter of law. ECF No. 65 at 5–8.

a. Unlawful Search Claim

Defendants assert that Plaintiff cannot bring a claim for unlawful search because "probable cause to search the Plaintiff's vehicle existed as a matter of law." *Id.* at 7. Because the allegations in Plaintiff's Amended Complaint "conclusively establish[] that at the time the Plaintiff was arrested, he was committing several crimes," argue Defendants, "Defendant Hammerstone had probable cause to search the Plaintiff's vehicle incident to arrest and pursuant to the vehicle being impounded incident to arrest." *Id.* at 8. Plaintiff argues that the legality of the initial stop, arrest, and search of the vehicle are fact-dependent determinations that are not properly resolved at the

[14] *See also infra* Section III.C (recommending that claims be severed by Incident such that the case containing Incident 2 claims would be the only stayed case).

12(b)(6) stage. ECF No. 71 at 5. With respect to the search, the undersigned agrees.

Regarding a search incident to a lawful arrest, the Supreme Court has held that such a search may only be done with regard to an automobile "if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Arizona v. Gant*, 556 U.S. 332, 351 (2009). Plaintiff alleges, and the video incorporated into his Amended Complaint shows, that he had been removed from his vehicle at the time it was searched. *See* ECF No. 10 at 7–8. This exception would therefore not apply, nor do the allegations in the Amended Complaint support that it was reasonable for the officers to believe that the vehicle contained evidence of the offense for which he was stopped.[15]

In addition, police may conduct an inventory search on a vehicle after lawfully taking custody of it, so long as the search is conducted pursuant to standard police procedures. *South Dakota v. Opperman*, 428 U.S. 364, 376 (1976). An inventory search must "be conducted according to standardized criteria," such as a uniform police department policy. *Colorado v. Bertine*, 479 U.S. 367, 374 n.6 (1987). "If the vehicle is in lawful custody, the police may inventory the vehicle, if such inventories are routine and conducted pursuant to the standard police procedures, so long as the purpose of the inventory is to secure the car or its contents and not to gather incriminating evidence against the owner." *United States v. Brown*, 787 F.2d 929, 932 (4th Cir. 1986); *see also United States v. German*, 664 F. Supp. 2d 614, 616–18 (D.S.C. 2009) (expressing concern that police could use this administrative search as a pretext for searching the automobile of a suspect arrested for a crime such as driving with a suspended license or expired registration without a warrant or probable cause), *aff'd*, 462 F. App'x 293 (4th Cir. 2012).

[15] Nor is any suggestion that the search was conducted to look for evidence of Plaintiff's lack of driver's license proper at the 12(b)(6) stage.

Finally, "[u]nder the 'automobile exception,' '[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more.'" *United States v. Brookins*, 345 F.3d 231, 235 (4th Cir. 2003) (quoting *Maryland v. Dyson*, 527 U.S. 465, 466 (1999)). Probable cause is to be determined by examining the totality of the circumstances and determining whether it is more likely than not that the vehicle contained contraband. *See United States v. Dickey-Bey*, 393 F.3d 449, 457 (4th Cir. 2004). Though Defendants argue that probable cause supported the search based on Plaintiff's driving without a license, they do not argue that Defendant Hammerstone or any other officer had reason to believe that any contraband was contained in the vehicle. Nor would this stage of litigation be an appropriate time to make any such argument.

Though further investigation may support that the search was a permissible inventory search conducted in good faith,[16] *see Wells v. Fuentes*, 126 F.4th 882, 894 (4th Cir.) (affirming dismissal of Fourth Amendment claims on qualified immunity grounds), *cert. denied*, 146 S. Ct. 299 (2025), there is nothing before the Court at this time, such as North Charleston Police Department policy related to standard inventory searches or the allegations in Plaintiff's Amended Complaint, to suggest that the search was limited to a routine search conducted for purposes of impoundment of the vehicle. Indeed, taking as true the allegations in Plaintiff's Amended Complaint that Defendant Hammerstone and other officers searched the car numerous times, including taking apart the trunk panels, gives rise to an inference that the purpose of the search may not have been "to secure the car or its contents." *See Brown*, 787 F.2d at 932.

For these reasons, the undersigned recommends that Defendants' Motion with respect to

[16] *See infra* Section III.A.2.iii.b (recommending dismissal of unlawful seizure claim because towing of Plaintiff's car from public roadway after arrest was not unlawful).

Plaintiff's claim for unlawful search of his car be denied at this time. Because Plaintiff has stated a claim regarding the search of his vehicle related to the arrest for which a state criminal case remains pending, the undersigned recommends that this claim also be stayed pending resolution of the state criminal case.[17]

b. Unlawful Seizure Claim

The NCPD Defendants also argue that Plaintiff has not stated a claim for unlawful seizure because deprivations of personal property do not support actions for damages under § 1983. ECF No. 65 at 5. Plaintiff responds that his claim cannot be properly resolved at the 12(b)(6) stage. ECF No. 71 at 5.

"[T]he police do not violate the Fourth Amendment when they impound a vehicle to protect it or to remove a nuisance after arresting the driver away from his home, and he has no means immediately at hand for the safekeeping of the vehicle." *United States v. Marshall*, 168 F. Supp. 3d 846, 854–55 (D.S.C. 2016) (quoting *Cabbler v. Superintendent, Va. State Penitentiary*, 528 F.2d 1142, 1145–46 (4th Cir. 1975) (upholding a police tow of a vehicle parked near the hospital emergency room to protect the car and its contents and to ensure that it was not a nuisance where it was parked)), *aff'd*, 747 F. App'x 139 (4th Cir. 2018); *see also United States v. Cartrette*, 502 F. App'x 311, 316 (4th Cir. 2012) (upholding the police tow of a vehicle from a Wal-Mart parking lot after the occupant was arrested despite his wife and brother being at a restaurant next-door

[17] *See supra* Section III.A.2.ii. Though the search is not necessarily directly related to Plaintiff's prosecution for resisting arrest, it arose from the same common nucleus of operative fact. *See Lee v. Singleton*, No. CA 8:11-2983-JMC-KFM, 2012 WL 1896062, at *12–17 & n.14 (D.S.C. Jan. 9, 2012) (recommending that claim unrelated to the claims arising from the events with corresponding state court criminal court proceeding should still be stayed based on "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy"), *report and recommendation adopted*, No. 8:11-CV-2983-JMC, 2012 WL 1895998 (D.S.C. May 24, 2012).

because the officers were not required to stay at the scene until the they came to pick it up); *see also Stout v. Johnson*, No. 3:22-CV-287-DJN, 2022 WL 4181720, at *7 (E.D. Va. Aug. 26, 2022) (finding no plausible Fourth Amendment claim for seizure of plaintiff's vehicle when plaintiff's arrest was lawful), *aff'd*, No. 22-1957, 2023 WL 3918693 (4th Cir. June 9, 2023). As set forth above, as alleged, Defendant Hammerstone had probable cause to arrest Plaintiff for driving without a license, and therefore, the seizure of his vehicle to move it off Interstate 526, a public roadway, does not violate the Fourth Amendment.

Nor does Plaintiff's claim implicate the Constitution's due process clause. A procedural due process violation occurs when the State fails to provide due process for the deprivation, not when the deprivation occurs. *See Richardson v. Union Pub. Safety Dep't Police*, No. 7:10-CV-02679-JD-JDA, 2022 WL 543181, at *9 (D.S.C. Jan. 26, 2022) (citing *Zinermon v. Burch*, 494 U.S. 113, 125–26 (1990)), *report and recommendation adopted*, No. 7:10-CV-02679-JD-JDA, 2022 WL 542561 (D.S.C. Feb. 23, 2022). As such, procedural due process is not violated by the intentional unauthorized taking of a person's property by a government employee if a meaningful post-deprivation remedy for the loss is available. *Id.* (citing *Mora v. The City Of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005)).

Here, with respect to the impoundment of his car and any purported damage to his property, Plaintiff has not alleged that the state failed to provide him process for this property. He solely takes issue with the car (and any of its contents) being towed. *See* ECF No. 10 at 7–8. Because Plaintiff has remedies under South Carolina law to seek damages or the return of his property (to the extent he has not already done so),[18] no constitutional claim can lie. As such, Plaintiff's

[18] For example, the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.*, provides a remedy for a loss of property that is proximately caused by an employee of the state, a state

Amended Complaint does not allege an actionable procedural due process claim for deprivation of personal property as currently presented.

Nor has Plaintiff alleged violation of his substantive due process. To allege such a claim based on this seizure, Plaintiff would need to state that (1) he has a property interest in the property at issue; (2) Defendant Hammerstone deprived him of that interest; and (3) Defendant's "action falls so far beyond the outer limits of legitimate governmental authority that no process could cure the deficiency." *See Richardson*, 2022 WL 543181, at *9 n.8 (quoting *Sunrise Corp. v. City of Myrtle Beach*, 420 F.3d 322, 328 (4th Cir. 2005)). Plaintiff has not suggested that the towing of his vehicle after his arrest was beyond the limits of the legitimate governmental authority of law enforcement officers. *See also Marshall*, 168 F. Supp. 3d at 854–55.

Because Plaintiff has failed to state a claim for unlawful seizure of his vehicle or any other property, the undersigned recommends that the NCPD Defendants' Motion to Dismiss be granted with respect to Plaintiff's claim for unlawful seizure based on Incident 2.

**B. The GCPD Defendants' Motion to Dismiss (ECF No. 61)**

Regarding Incident 3, Defendants Carlson and Hydrick move for the dismissal of Plaintiff's claims against them based on Plaintiff's failure to state any cognizable claim. ECF No. 61 at 2–8. Plaintiff responds that the GCPD Defendants "improperly rely on materials outside the pleadings, misstate controlling law regarding probable cause and 1983 false arrest claims, and attempt to resolve disputed issues of fact at the pleading stage," and that Plaintiff's video evidence submitted with the Amended Complaint "directly contradicts Defendants' factual assertions." ECF No. 70 at 1.

---

agency, or a political subdivision of the state when the loss occurred by a person acting in the scope of his employment.

The full extent of Plaintiff's allegations in his Amended Complaint pertaining to Incident 3 is as follows:

> While Plaintiff was at a stop light Defendant Carlson pulled behind Plaintiff waiting for the traffic light to turn green as it did the Defendants [sic] Carlson iniciated [sic] a stop. Carlson asked for license and was presented with a passport he requested the license again and was shown the passport[.] [A]t this time Defendant Scott Hydrick arrived and from the passenger side reached in unbuckling plaintiff and Carlson began to unlock the driver door. Defendants Carlson and Hydrick then arrested Plaintiff and conduct[ed] a search of the car violating Plaintiff's 4th amendment rights by having no probable cause to search or a valid warrant. The car was again seized without probale [sic] cause.

ECF No. 10 at 8.

1. False Arrest Claim

The GCPD Defendants argue that "[t]o the extent that the Court construes Plaintiff's allegations as a § 1983 claim for false arrest," it fails. ECF No. 61 at 2. Plaintiff alleges that Defendants rely on arguments outside the pleadings and that his allegation at this stage "that during the traffic stop he provided a passport when requested for identification" is not the "refusal" that Defendants characterize it to be. ECF No. 70 at 2.

To begin, the undersigned finds that Plaintiff's allegations, as pled, do not sufficiently state a claim for false arrest. As set forth above, a plaintiff bringing a § 1983 false arrest claim must state that the officer decided to arrest him without probable cause to allege an unreasonable seizure under the Fourth Amendment. *See Brown*, 278 F.3d at 367–68.

The extent of Plaintiff's allegations pertaining to an arrest for Incident 3 is that he was arrested by Defendants Carlson and Hydrick. ECF No. 10 at 8. Nevertheless, even generously construing Plaintiff's Amended Complaint, Plaintiff has, *at most*, suggested that the arrest was warrantless. But an arrest is not unlawful solely because it was not effected pursuant to a warrant. Indeed, a warrantless arrest based on probable cause does not violate the Fourth Amendment. *See Graham*, 490 U.S. at 396; *see also Maryland v. Pringle*, 540 U.S. 366, 370 (2003) ("A warrantless

arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause.").

Much like Plaintiff's allegations with respect to Incident 2, here Plaintiff has also failed to set forth allegations suggesting that the GCPD Defendants lacked probable cause to arrest him.[19] *See also supra* Section III.A.2.i. Moreover, his allegations establish that he provided only a passport when asked for identification.[20] *See* ECF No. 10 at 8. As set forth above, a South Carolina driver must "have his license in his immediate possession at all times when operating a motor vehicle and shall display it upon demand of . . . a law enforcement officer of the State." S.C. Code Ann. § 56-1-190; *see also id.* §§ 56-1-20, 56-1-440. Because Plaintiff has not alleged that he had or presented any such license, the officers had probable cause to arrest him for this offense. *See also D.C. v. Wesby*, 583 U.S. 48, 54 n.2 (2018) ("[A]n arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking.").

For these reasons, Plaintiff has failed to state a claim for false arrest based on Incident 3, and the undersigned recommends that the GCPD Defendants' Motion be granted with respect to this claim.[21]

---

[19] Plaintiff contends there was no probable cause to search his vehicle; however, this is a different analysis addressed below. *See infra* Section III.B.2.

[20] In his Response, Plaintiff suggests that he "submitted video evidence with the complaint documenting the encounter" that "contradicts Defendants' version of events including assertions regarding refusal to provide identification." ECF No. 70 at 4. As noted by the GCPD Defendants, *see* ECF No. 72 at 1, no such video footage of Defendants Carlson and Hydrick was submitted to the Court on the flash drive or otherwise. Nor did Plaintiff reference any video footage of Incident 3 in his Amended Complaint. *See* ECF No. 10 at 8. Plaintiff cannot amend his complaint through his response to the Motion to Dismiss, *see Rhoads*, 751 F. Supp. 3d at 607 n.14, even if he had submitted additional video footage to the Court, so consideration of any such video footage at this stage would be improper. *See Goines*, 822 F.3d at 165–66.

[21] Defendants also rely on Plaintiff's convictions for various counts arising from Incident 3, and they attach certified disposition forms of the same. ECF No. 61 at 3–4. They argue that these convictions bar his false arrest claim and also suggest that his claim is barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). ECF No. 61 at 4. Plaintiff argues that this attempt to

2. Unlawful Search

Next, the GCPD Defendants argue that Plaintiff cannot state a claim based on unlawful search, suggesting that the search of Plaintiff's vehicle falls into one of the exceptions to the Fourth Amendment's warrant requirement, including the vehicle inventory search or search incident to arrest exceptions, which "are relevant to Plaintiff's allegations in this case." ECF No. 61 at 4–5. Plaintiff responds that these exceptions are fact-intensive and cannot be resolved at the motion to dismiss stage. ECF No. 70 at 3. The undersigned agrees with Plaintiff.

As set forth above, *see supra* Section III.A.2.iii.a., and acknowledged in the GCPD Defendants' Motion, the exceptions to the Fourth Amendment's warrant requirement are narrow. *See* ECF No. 61 at 5 (citing *Flippo v. West Virginia*, 528 U.S. 11, 13 (1999)). Though the GCPD Defendants may ultimately be able to prove that these exceptions apply, the allegations set forth in the Amended Complaint do not support that the search was conducted as a standard inventory search, that Plaintiff remained in the vehicle while the search was conducted such that he was in reaching distance of any compartment, or that there was reason to believe the vehicle contained evidence of the arrest or any other contraband. *See Gant*, 556 U.S. at 351. Moreover, the GCPD Defendants' arguments that "[i]t was reasonable for Defendants Carlson and Hydrick to believe that a search of Plaintiff's vehicle would reveal evidence of these criminal offenses, i.e., Plaintiff's lack of driver's license and proof of insurance," ECF No. 61 at 6, exceed the scope of review at this stage of proceedings.

---

introduce evidence is improper and that *Heck* would not bar his claim because his success on the claim would not necessarily invalidate his convictions for the charged offenses, because he challenges the legality of the arrest, not the validity of the underlying convictions themselves. ECF No. 70 at 2–3. The undersigned need not reach these arguments or consider the evidence submitted by the GCPD Defendants based on the conclusions reached herein.

Because Plaintiff has alleged a search of his vehicle without probable cause, and his allegations do not readily support that any exception to the warrant requirement would apply, the undersigned finds that Plaintiff has stated a claim for unlawful search based on Incident 3 at this stage. It is therefore recommended that the GCPD Defendants' Motion be denied with respect to this claim.

3. <u>Unlawful Seizure</u>

In addition to alleging the unlawful search of his vehicle, Plaintiff also alleges that the car was seized without probable cause. ECF No. 10 at 8. The GCPD Defendants argue that any Fourth Amendment claim based on the towing of his car fails because courts in the Fourth Circuit have routinely held that an officer's decision to impound a vehicle was reasonable under the circumstances. ECF No. 61 at 7. They also argue that to the extent he alleges any such seizure violated his Fourteenth Amendment rights, "[d]eprivations of personal property do not support actions for damages under § 1983." *Id.* (quoting *Morris v. Jones*, No. 6:20-CV-03338-DCC-JDA, 2020 WL 8339936, at *4 (D.S.C. Oct. 29, 2020), *report and recommendation adopted*, No. 6:20-CV-03338-DCC, 2021 WL 288415 (D.S.C. Jan. 27, 2021)). Plaintiff responds that resolution of his claim is fact intensive, suggesting that the impoundment of his vehicle was unreasonable because it was 100 yards from its registered address and that he informed the officers of the same and they refused. ECF No. 70 at 3.

But here, to resolve his claim, Plaintiff relies on matters that were not pled. Plaintiff cannot amend his complaint through his response brief, *see Rhoads*, 751 F. Supp. 3d at 607 n.14, and as pled, Plaintiff has alleged only that his car "was *again* seized without probale [sic] cause." ECF No. 10 at 8 (emphasis added). Indeed, a liberal construction of Plaintiff's Amended Complaint and

reasonable inferences therefrom would suggest he is relying on the same allegations for the similar facts of Incident 2, where he was arrested and his car was towed. *See id.*

As set forth above, when a plaintiff is lawfully arrested, courts have found no plausible claim for violation of the Fourth Amendment based on the seizure of vehicle. *See Stout*, 2022 WL 4181720, at *7. Regardless of the facts alluded to in Plaintiff's response, his Amended Complaint did not state or otherwise suggest that the tow of his vehicle from the "traffic stop while stopped at stop light" in Goose Creek/St. James was performed on any basis other than to move the vehicle from a public roadway based on his being arrested. *See* ECF No. 10 at 8.

The undersigned also agrees that Plaintiff has failed to state any Fourteenth Amendment claim based on the seizure, for the same reasons set forth in Section III.A.2.iii.b., *supra*. As the GCPD Defendants argue, and Plaintiff does not appear to dispute, "'South Carolina law provides post-deprivation procedures to secure the return of personal property or to compensate for the loss,' and '[t]he Fourth Circuit Court of Appeals has found South Carolina remedies sufficient to compensate plaintiffs for deprivation of property under color of state law.'" ECF No. 61 at 7 (quoting *Morris*, 2020 WL 8339936, at *4). Indeed, Plaintiff has not alleged that the state failed to provide due process for the deprivation, as is required to state any such claim. *See Richardson*, 2022 WL 543181, at *9.

For these reasons, the undersigned recommends that the GCPD Defendants' Motion be granted with respect to any claim based on the seizure of Plaintiff's vehicle in Incident 3.

4. <u>Any Other Fourteenth Amendment Claim</u>

Finally, the GCPD Defendants argue that "Plaintiff's Complaint lacks any allegations supporting a § 1983 Fourteenth Amendment violation claim against Defendants Carlson or Hydrick." ECF No. 61 at 6. In response, "Plaintiff acknowledges that the Fourth amendment

provides the primary constitutional basis for his claims[;] [h]owever, dismissal of the Fourteenth Amendment claim at this stage is premature to the extent it overlaps with due process protections." ECF No. 70 at 4. The undersigned is unpersuaded by this response.

As Plaintiff has noted, the Fourth Amendment provides the primary—and sole—basis for his § 1983 claims. The Fourteenth Amendment's "Due Process Clause does not constitute a catch-all provision that provides a remedy whenever a state actor causes harm." *Evans*, 703 F.3d at 647 n.2; *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (finding substantive due process analysis inappropriate when claim is "covered by" Fourth Amendment, which covers only "searches and seizures"). Because Plaintiff's claims are adequately covered by the Fourth Amendment, the undersigned recommends that the GCPD Defendants' Motion be granted with respect to any Fourteenth Amendment claim stemming from Incident 3.

### C. Severance of These Claims

As set forth above, Plaintiff's claims arise from three separate events, with each claim brought against separate and distinct Defendants who are employees of two separate police departments. *See generally* ECF No. 10.

Generally, a plaintiff may not bring unrelated claims against various parties in one lawsuit. *See Cooper v. South Carolina*, No. 3:17-cv-3205-CMC-PJG, 2017 WL 6388042, at *3 (D.S.C. Dec. 14, 2017). Rule 20 of the Federal Rules of Civil Procedure provides that joinder of several parties is permitted only if the claims arose out of the same transaction or occurrence or series thereof *and* contain a question of fact or law common to all the defendants. *See* Fed. R. Civ. P. 20(a)(2). And the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to sever unrelated claims. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Based on a review of the Amended Complaint, and in light of the recommendations made herein, the undersigned recommends that Plaintiff's claims should be severed for purposes of judicial economy. If these recommendations are adopted by the District Judge, the undersigned also recommends that the current case (Case No. 2:25-cv-3488-BHH-MHC) pertain only to those claims raised against Defendants Officer Andrew Windhorst, Officer James Oden, Officer Scott Robinson, Jr., Officer Chelsea Cisco, and Detective Michael Anthony Thomas. The claims arising from Incident 2 against Defendant Officer Thomas Hammerstone would be docketed in a separate civil action with a new case number.[22] The claims arising from Incident 3 against the GCPD Defendants, Defendants Officer Bryan Carlson and Officer Scott Hydrick, would also be docketed in a separate civil action with a new case number, resulting in three separate cases based on the three distinct Incidents.

## IV. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the NCPD Defendants' Motion to Dismiss (ECF No. 65) be **GRANTED, in part, and DENIED, in part.** Specifically, the undersigned **RECOMMENDS** that the Motion be **GRANTED** with respect to Plaintiff's Fourteenth Amendment claims from Incident 1 and his false arrest and unlawful seizure claims from Incident 2. The undersigned recommends that the Motion be **DENIED** with respect to (1) Plaintiff's unlawful search claim from Incident 1 against Defendants Windhorst, Oden, Robinson, Cisco, and Thomas; and (2) Plaintiff's excessive force and (3) unlawful search claims against Defendant Hammerstone from Incident 2.

It is **ALSO RECOMMENDED** that the claims from Incident 2 against Defendant

[22] If the recommendations set forth herein are adopted by the District Judge, this case pertaining to the claims from Incident 2 would be stayed pending resolution of Plaintiff's state criminal charge. *See supra* Section III.A.2.ii–iii.a.

Hammerstone be **STAYED** pending resolution of Plaintiff's state criminal charge.

It is **FURTHER RECOMMENDED** that the GCPD Defendants' Motion to Dismiss (ECF No. 61) be **GRANTED, in part, and DENIED, in part.** Specifically, the undersigned **RECOMMENDS** that the Motion be **GRANTED** with respect to Plaintiff's claims for false arrest, unlawful seizure of his vehicle, and any Fourteenth Amendment claims, but that the Motion be **DENIED** with respect to Plaintiff's claim for unlawful search against Defendants Carlson and Hydrick from Incident 3.

Finally, it is **RECOMMENDED** that the claims from the three Incidents be **SEVERED** into three distinct cases.

**AND IT IS SO RECOMMENDED**.

**The parties are referred to the Notice Page attached hereto.**

August 20, 2026
Charleston, South Carolina

Molly H. Cherry
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).