IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rashad Mahmoud Abdallah,<br><br>Plaintiff,<br><br>v.<br><br>Officer Andrew Windhorst; Officer James Oden; Officer Scott Robinson, Jr.; Officer Chelsea Cisco; Detective Michael Anthony Thomas; Officer Thomas Hammerstone; Officer Bryan Carlson & Officer Scott Hydrick,<br><br>Defendants. | Civil Action No. 2:25-cv-3488-BHH<br><br>**ORDER** |

Plaintiff Rashad Mahmoud Abdallah ("Plaintiff"), proceeding *pro se*, filed this action alleging violations of his constitutional rights. (ECF No. 10.) On March 24, 2026, Defendants Carlson and Hydrick ("the GCPD Defendants") filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 61.) The same day, Defendants Windhorst, Oden, Robinson, Cisco, Thomas, and Hammerstone ("the NCPD Defendants") also filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 65.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On August 20, 2026, Magistrate Judge Molly H. Cherry issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant in part and deny in part both motions to dismiss, that the Court stay certain claims, and that the Court sever the claims from the three incidents into three distinct cases. (ECF No. 74.)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's careful and thorough analysis.

**Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 74), and the Court grants in part and denies in part the NCPD Defendants' motion to dismiss (ECF No. 65).** Specifically, the Court grants the

motion with respect to Plaintiff's Fourteenth Amendment claims from Incident 1 and his false arrest and unlawful seizure claims from Incident 2. The Court denies the motion with respect to (1) Plaintiff's unlawful search claim from Incident 1 against Defendants Windhorst, Oden, Robinson, Cisco, and Thomas; and (2) Plaintiff's excessive force and (3) unlawful search claims against Defendant Hammerstone from Incident 2.

The Court also stays the claims from Incident 2 against Defendant Hammerstone pending resolution of Plaintiff's state criminal charge.

**Next, the Court grants in part and denies in part the GCPD Defendants' motion to dismiss (ECF No. 61).** Specifically, the Court grants the motion with respect to Plaintiff's claims for false arrest, unlawful seizure of his vehicle, and any Fourteenth Amendment claims, but the Court denies the motion with respect to Plaintiff's claim for unlawful search against Defendants Carlson and Hydrick from Incident 3.

Lastly, the Court instructs the Clerk of Court to open two additional cases so the three Incidents may be separated into distinct case numbers. Plaintiff's remaining claims from Incident 1 against Defendants Windhorst, Oden, Robinson, Cisco, and Thomas shall proceed in this civil action number. Plaintiff's remaining claims from Incident 2 against Defendant Hammerstone shall proceed in a separate civil action number, and that case shall be stayed pending resolution of Plaintiff's state criminal charge. Plaintiff's remaining claim from Incident 3 for unlawful search against Defendants Carlson and Hydrick shall proceed in another separate civil action number. For clarity, the Clerk shall re-file Plaintiff's amended complaint (ECF No. 10) in the two new civil actions, as to the Defendants that remain in each new civil action, as well as a copy of this order.

**IT IS SO ORDERED.**

s/Bruce H. Hendricks
United States District Judge

September 17, 2026
Charleston, South Carolina